## FLEAKA v CRAVER et

Ohio Appeals, 7th Dist, Mahoning Co

No 2380. Decided May 28, 1937

Nathan M. Kaufman, Youngstown, and Clyde W. Osborne, Youngstown, for plaintiff-appellant.

Mitchell & Mitchell, Youngstown, and R. E. Turner, Youngstown, for defendant-appellees.

## OPINION

By ROBERTS, J.

This action was brought in the Court of Common Pleas by Tom Fleaka, d.b.a. The Emerald Inn, plaintiff appellant, against A. W. Craver, et al, members of the Board of Elections of Mahoning County, Ohio, and Carl L. Olson, Chief of Police of the City of Youngstown, Ralph E. Elser, Sheriff of Mahoning County, Robert Seward, Inspector in Charge Youngstown Unit, Department of Liquor Control, and The Home Savings & Loan Building, Youngstown, Ohio, in which action it was sought to enjoin said Board of Elections from certifying to the Secretary of State the results of a local option election held in the city of Youngstown, November 3rd, 1936, the plaintiff alleging that if not enjoined the result of the local option election would be certified to the Secretary of State at Columbus, who in turn would certify the result of said vote to the Department of Liquor Control at Columbus, and thereafter the Department of Liquor Control would cancel plaintiff's permits, plaintiff being engaged in the sale of inoxicating liquor within the territory so voting. This territory which voted on the issue comprises precincts O, P, and W of the Sixth Ward, and precincts A and D of the Fifth Ward. These precincts are contiguous and constitute a somewhat irregularly shaped block, through which passes Southern Boulevard on the east, Market and Hillman Streets through the center, and Hudson Avenue on the west. The parties will hereinafter he alluded to as plaintiff and defendants, as designated in the Court of Common Pleas, which court, on submission of the issue, rendered judgment against the plaintiff and in favor of the defendants. The plaintiff has brought this action in this court upon an appeal of law and fact, claiming that prejudicial and reversible error occurred in the trial in the Court of Common Pleas.

Errors complained of by the plaintiff are:

(a) That such judgment, order and decree of the court below is contrary to law.

(b) That the court below erred in finding said judgment, order and decree in favor of the appellees, when under the law, said judgment, order and decree should have been for appellant.

A temporary restraining order was allowed the plaintiff until the determination of the Court of Common Pleas, which order was further extended during the pendency of said action in this court.

The election in question was held under §6064-31 GC, which, so far as pertinent, reads as follows:

"The privilege of local option as to the sale of intoxicating liquors is hereby conferred upon electors of the following districts, to-wit:

"1. * * *

"2. A residence district in a municipal corporation, consisting of two or more contiguous election precincts therein, as defined by the petition hereinafter authorized.

"3. * * *."

Sec 6064-32 GC provides for the number of signatures required on petition, sufficiently determined by the Board of Elections, time of holding election and notice, which section will hereinafter be further considered.

It is said by plaintiff in brief, page 2 thereof:

"No question is raised here on the five precincts involved being contiguous, neither is any question raised as to the validity of the petitions which require the placing of the question on the ballot. No question is raised but the majority vote in the five precincts favored the question, although one precinct, in which is located the business of this appellant, voted against the question.

"An analysis of §6064-31, GC, brings us to the following conclusions:

"(a) The territory voting must consist of two or more election precincts.

"(b) Such precincts must be contiguous.

"(c) Said two or more contiguous election precincts must be a residence district.

"The elements that enter into the above analysis seem to have been met, except the question whether or not said contiguous election precincts constitute a residence district.

"Sec 43661 GC, et seq., deals with city planning, and this same provision is car-

ried out in the fundamental law of the city, to-wit, Charter, with the result that for several years past, we have had an able and zealous Planning Commission in the City of Youngstown."

The above has been quoted from plaintiff's brief, that his attitude or contention, so far as the issues are concerned, may be made clear. It may further be stated regarding the action of the city under the zoning provision of §43661 GC and the zoning ordinance adopted by the city, the zoning ordinance was adopted with amendments to April 1, 1935. The Planning Commission established various districts in the city including Residential A to classification of commercial and industrial districts. A plat was introduced in evidence of the city and including the precincts in question especially designated for the purposes of this suit. Southern Boulevard lies to the east of the precincts in question. Market and Hillman Streets run through the precincts, upon which there is much traffic with a considerable number of business places operating at different points along said highways. Several business zones within these precincts designated as Commercial B, were established by the zoning ordinance. It is evident, however, that this territory in question is largely residential in its nature. While not found in the evidence, it is said in brief, without contradiction, that there are included within the limits of the territory voting, 165 residential properties and 9 business properties, or about 17 residence properties for one business property.

A disputed proposition in this case is whether these several small commercial zones immediately contiguous to several of the principal streets give character to the group of precincts voting so as to deprive them of being properly designated as residential districts. It is the theory of the plaintiff that these commercial groups characterize and control the nature of the district, and that this is true by reason of the action of the Zoning Commission along these streets in establishing these small business districts within the five otherwise residential districts.

The purpose of city planning and establishing of different zones, as defined in §4366-7, GC, are such rights and powers involving public health, safety, convenience, comfort, prosperity and general welfare. No proposition of local option or of regulating in any way the liquor traffic was considered or acted upon by the Zoning Commission;

for the evident reason that prohibition legally prevailed in Ohio at that time, and no sale of liquor, such as the plaintiff is now engaging in, was or could be recognized.

This court has given careful consideration to these two statutory provisions, namely, the right of a municipality to establish zones regulating the character of the occupancy therein and local option as provided for in §6064-31, GC entitled "Local option privilege conferred upon electors of certain districts." and following sections. This court finds no recognition of either of these provisions, namely local option or zoning, being related to each other or in any manner inter-dependent or either one receiving support in any way from the other. It would necessarily follow that if in authorizing or refusing the local option election under the provisions of law hereinbefore cited, the Board of Elections could consider and be controlled by the zoning ordinance and the districts recognized therein as to whether a residential district was involved, the local option law could only be operative and effective in municipalities which have adopted a zoning ordinance and are operating under such authority. The larger cities presumably have quite generally adopted zoning ordinances. Many of the smaller cities have not. Incorporated villages ordinarily have taken no such action. It is contended by the plaintiff that whether or not a certain territory can vote on local option depends upon whether or not a zoning commission has recognized the territory in question as residential in which such election may be allowed, or whether it has been recognized as commercial or industrial, which would not be included within the provisions of the statutory provision. The necessary result is clear that many municipalities would be denied the right of local option, notwithstanding the provisions of that act are state wide in terms and as a matter of fact could not legally be otherwise.

"All laws of a general nature shall have a uniform operation throughout the state; * * *"

**Sec 26, Article 2, Constitution of Ohio.**

"The clause of the **Constitution, Article 2, §26,** providing that all laws of a general nature shall have uniform operation throughout the state, is not directory but mandatory, and a statute in violation of it is void."

**Falk, Exp., 42 Oh St 638.**

See also **Hixon v Bursone et**, 54 Oh St 470.

This proposition is thought to conclusively refute the contention of plaintiff that the zoning ordinance statute ▓▓▓▓▓ can be looked to for a determination of what constitutes a residential district.

In this connection §4785-22 GC "Election precincts" is of interest. It reads as follows:

"The board shall have authority, in the manner provided by law, to establish, define, divide, rearrange and combine the several election precincts within their jurisdiction as often as it is necessary to maintain the requirements as to number of voters in a precinct, and to provide for the convenience of the voters and the proper conduct of elections. Each precinct shall be compact in form and shall not contain portions of two civil divisions. Each precinct shall contain as nearly as practicable 400 electors, based upon the total votes cast at the election held in 1928, or in the November election every fourth year thereafter, but no precinct shall contain less than 250 nor more than 450 electors, except that a township or a village containing a less number of voters shall compose one precinct. Provided that a municipality, wherein less than 100 votes were cast at the next preceding general election, may be combined with a township precinct and the precinct election officials shall be chosen from the precinct thus formed. When 450 or more votes have been cast at the last preceding election in a precinct, the board may so divide and rearrange the precinct, and the precincts adjacent thereto, as to equalize the number of voters in each such precinct and limit the number to 400 as nearly as may be practicable; and when the vote is less than 350, as determined by the last preceding regular state election, the board may combine and rearrange the precincts for the same purpose."

This section in terms negatives any belief that the zoning ordinance could be looked to for a determination of what constitutes a residential district.

A further proposition which does not seem to be contended for by the plaintiff is what as a matter of fact constitutes a residential district. §6127 GC, now repealed, provided for a petition for an election to prohibit liquor traffic in municipalities in pre-prohibition times, and provided for the filing of a petition for the privilege to determine by ballot whether the sale of intoxicating liquors shall be prohibited, and so forth. The present effective section is §6064-32 GC, which provides:

"Upon presentation of a petition to the Board of Elections of the county wherein the district or any part thereof is located, signed by qualified electors of the district concerned, equal to fifteen percentum of the total number of votes cast for governor at the last regular state election shall proceed as follows:

"1. Within five days after such presentation determine the sufficiency of such petition, and * * *."

The sufficiency of a petition to require a submission of the issue to the electors involved the proposition as to whether or not they resided in the residential district, and the context of this section indicates that this proposition was to be determined by the Board of Elections.

Further, it would seem that as a matter of fact the very largely predominating characteristics of the territory in question as to whether residential or business, ▓▓▓▓▓ ness, would justify or require a conclusion that where practically nine-tenths of the property in the district was residential, its character would be such notwithstanding a comparatively small amount of commercial business existed therein.

"One of the established rules for construction of statutes is that doubtful provisions should, if possible, be given a reasonable, rational, sensible or intelligent construction. Accordingly, it is the duty of the courts. if the language of a statute fairly permits, or unless restrained by the clear language of the statute, so to construe it as to avoid unreasonable, absurd or ridiculous consequences."
**37 O. Jurisprudence 643.**

In the case of **Shea v City of Muncie**, Supreme Court of Indiana, reported in 46 NE 138, it is said in the syllabus:

"14. Under an ordinance prohibiting sales in the residence portion of a city. it is not necessary that such portion should be given up exclusively to family residences.

"15. Where a certain part of the city is partly used for residence purposes it does not become a business portion of the city within an ordinance allowing the sale of liquors in the business portion because a grocery or other business was here and there carried out therein."

It is therefore the conclusion of this court that the plaintiff-appellant has not sustained his cause of action, and that the judgment of the court be and is in favor of the defendants, and the petition of the plaintiff dismissed, this being the same judgment as rendered by the Court of Common Pleas. Temporary restraining order of this court is vacated.

NICHOLS and CARTER, JJ, concur.